# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 16, 2003

## FREDDIE VAUGHT v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-52218     James K. Clayton, Jr., Judge**

---

**No. M2003-00955-CCA-R3-PC - Filed December 30, 2003**

---

The petitioner appeals the denial of post-conviction relief. He argues his guilty plea to second degree murder was involuntary due to ineffective assistance of trial counsel. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Tony L. Maples, Murfreesboro, Tennessee, for the appellant, Freddie Vaught.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and John W. Price, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On March 8, 2001, the petitioner pled guilty to second degree murder in exchange for a fifteen-year sentence. The plea was entered on the third day of his trial for first degree murder. He timely sought post-conviction relief, arguing his guilty plea was involuntary due to conflicts with a member of the defense team. The post-conviction court denied his request for relief, and this appeal ensued.

## POST-CONVICTION RELIEF HEARING

The petitioner testified the District Public Defender represented him on the charge of first degree murder. He stated he had no problems with the District Public Defender, who was lead counsel on his case; however, he had a poor relationship with the assistant public defender who also

helped with his case. He further complained his attorneys did not keep him properly advised as to the status of his case prior to trial.

The petitioner testified the assistant public defender urged him to accept the state's plea offer. He stated the attorney also told him there would be no grounds for an appeal if he lost at trial. According to the petitioner, this statement led him to believe there would be no appeal if he were convicted. He recounted that he terminated one meeting with the District Public Defender and the assistant after the assistant cursed him. He also said that the assistant public defender may have allowed the jury to see graphic photographs of the victim while looking at the photographs in an album at the defense table during trial. The petitioner did not know whether any of the jurors actually saw the photographs.

He testified the trial court denied his pre-trial request to appoint new counsel. According to the petitioner, he complained about the assistant public defender to the District Public Defender; he told the District Public Defender he would be satisfied if he represented him, but he did not want to be represented by the assistant. He conceded the District Public Defender was the only attorney who actually participated at the trial.

The petitioner stated he met with the District Public Defender, the assistant, and their investigator prior to trial and discussed potential defense witnesses, whom trial counsel located. He conceded his attorneys answered all of his questions.

The District Public Defender testified he served as lead counsel in the petitioner's case. He stated that his office had at least twenty-eight contacts with the petitioner prior to trial, and that he was involved in thirteen of them. He conceded the petitioner and the assistant public defender who served as co-counsel had "some difficulties," but he made a "judgment call" not to remove the assistant from the case. He recounted that the petitioner wrote a letter to the trial court which prompted a conference in which the petitioner indicated he would be satisfied as long as the District Public Defender was involved in his case.

In describing the investigation of the petitioner's case, the District Public Defender testified they received discovery and were aware of all the proof to be presented several weeks prior to the start of trial. He said they had discussed the results of their investigation with the petitioner. He recalled the petitioner pled guilty after the state presented damaging testimony from the medical examiner.

The post-conviction court found the petitioner and the assistant public defender "didn't see things eye to eye," but that the assistant public defender was not lead counsel and did not actively participate in representing the petitioner at trial. The post-conviction court concluded the petitioner failed to prove he was deprived of effective assistance of counsel.

# INEFFECTIVE ASSISTANCE OF COUNSEL

## A. Standard of Review

When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving (1) that counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). This standard has also been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S .W.2d 417, 419 n.2 (Tenn. 1989). When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently, and, but for counsel's errors, the petitioner would not have pled guilty but would have, instead, insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).

The petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle the petitioner to relief. Tenn. Code Ann. § 40-30-110(f) (2003). This court is bound by the post-conviction court's findings of fact unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 -57 (Tenn. 2001).

## B. Analysis

Initially, we observe there was no clear and convincing proof that trial counsel's performance was deficient. Although the petitioner complained he did not hear from trial counsel for an extended period of time, the proof established trial counsel met with the petitioner on numerous occasions and informed him of the results of their investigation. The petitioner also alleged the assistant public defender may have negligently allowed the jury to view graphic photographs of the victim during trial; however, the petitioner did not establish that any jurors actually saw the photographs. Moreover, there is no showing that this impacted the defendant's guilty plea.

Additionally, the record supports the post-conviction court's conclusion that the petitioner did not establish he was prejudiced by the alleged deficiencies of trial counsel. The assistant public defender was not lead counsel at trial. Instead, it was the District Public Defender, with whom the petitioner had no such conflict, who represented the petitioner as lead counsel at trial and during the guilty plea hearing. Further, the transcript of the petitioner's guilty plea hearing clearly reveals the trial court advised the petitioner of his constitutional rights, and both the trial court and the District Public Defender extensively questioned the petitioner about his decision to enter the plea.

During the plea hearing, the trial court asked the petitioner if he was satisfied with the representation of trial counsel. The petitioner, who was under oath, responded, "I've had complaints in the past," but went on to state he was satisfied with their representation. A petitioner's testimony at a guilty plea hearing "constitutes a formidable barrier" in a subsequent collateral proceeding because "solemn declarations in open court carry a strong presumption of verity." Blackledge v.

<u>Allison</u>, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977).  The petitioner has failed to establish ineffective assistance of counsel.

Accordingly, we affirm the judgment of the post-conviction court.


                                    _____

                                    JOE G. RILEY, JUDGE